**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**EVANS & ASSOCIATES CONSTRUCTION CO., INC. and Lloyd I. Evans, Defendants–Appellees.**

Nos. 87–1331, 87–1332.

United States Court of Appeals, Tenth Circuit.

Sept. 21, 1988.

Charles F. Rule, Asst. Atty. Gen., Kenneth G. Starling, Deputy Asst. Atty. Gen., John J. Powers, III and David Seidman, Attys., Dept. of Justice, Washington, D.C., Alan A. Pason, Atty., Dept. of Justice, Dallas, Tex., for plaintiff-appellant.

David Kline and David Bryant of Kline & Kline, Oklahoma City, Okl., for defendant-appellee Evans & Associates Const. Co., Inc.

B.J. Rothbaum, Jr. of Linn & Helms, Oklahoma City, Okl., for defendant-appellee Lloyd I. Evans.

Before SEYMOUR, SETH and BALDOCK, Circuit Judges.

SETH, Circuit Judge.

We have considered the petitions of the defendants and the response of the Government on rehearing of this court's conclusion that the trial court's order to produce grand jury transcripts at a stated time before trial was well within the court's discretion. This was for three reasons: the defendants' showing of particularized need; to accomplish the court's scheduling order; and to avoid serious interruptions of the trial itself. We however did not agree with the Government sanctions imposed by the trial court when the Government refused to produce the transcripts. The prosecution sought to control the use of the grand jury transcripts for its own ends and to produce them when it alone saw fit despite the court's order.

As mentioned in this court's previous opinion, 839 F.2d 656, the case was complicated and was old. Thus the Government in seeking a continuance of the trial argued to the court that the trial would be complex, that it planned to call some 50 witnesses and there would be hundreds of documents. The Government in its response in this court states at the outset that the trial court's order requires it to produce "a vast array of grand jury transcripts." Apparently in consideration of these arguments and the defendants' showing of particularized need the court told the prosecution that if the transcripts were not produced before trial as it had scheduled, there would be serious interruptions in the trial by necessary recesses to enable the defense to examine the material. The trial court also pointed out that the Speedy Trial Act time was running.

Thus, it is apparent that the Government sought to retain control of the grand jury transcripts for its own use and to exclude defendants' use despite the court's order to produce the transcripts. The United States Attorney proceeded in his challenge to the court's order on the assumption that his office had this control and had the sole authority to decide what should be produced and when. Rule 6 expressly gives the United States Attorney custody and control of the transcripts absent any direction by the trial court. There is, of course, no suggestion that this control could prevail over the order of the trial court here considered, an order which was clearly a scheduling order.

The Government on appeal seeks to create a secrecy issue as to the grand jury transcripts and their release, but none was advanced before the trial court, as an ongo-

ing matter, and it is not a factor here. There is also still no need to consider the Jencks Act arguments advanced by the Government.

We have considered the arguments by petitioners for an order to have the indictments dismissed but we have reached the same conclusions as set forth in the original opinion and it is hereby reaffirmed. IT IS SO ORDERED.

The mandate shall issue forthwith.